UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY B. WALTON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,[1]<br><br>    Defendant. | Case No. 3:18-cv-01267-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 15, 20 |

Plaintiff Walton challenges a decision of a Social Security Administration ("SSA") administrative law judge ("ALJ") that denied her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The parties filed cross-motions for summary judgment. Dkt. Nos. 15, 20. Walton also filed a reply brief in opposition to defendant's cross-motion and in support of her motion for summary judgment. Dkt. No. 21. Walton's motion is granted, and the case is remanded to the SSA for further proceedings consistent with this order. Defendant's motion is denied.

In a decision dated January 4, 2017, the ALJ found that Walton suffers from a number of severe physical and mental impairments, including depression, posttraumatic stress disorder, hypertension, obesity and degenerative disc disease. Administrative Record ("AR") at 27. Uncontroverted evidence in the record also indicates that Walton suffers from sciatic nerve damage that causes her great pain in her left leg. The ALJ determined that Walton has not been disabled since she applied for benefits on November 3, 2014. The ALJ found that Walton has the residual functional capacity ("RFC") to perform a subset of "medium work" with the following

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Andrew Saul, Commissioner, Social Security Administration, as defendant in this action.

limitations: "occasional postural activities but no climbing ladders, ropes or scaffolds and frequent stooping," and only "simple routine work with no more than occasional contact with coworkers and the public." AR 28-29.

In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation and citation omitted). The ALJ's decision in this case suffers from legal error that is not harmless.

The ALJ erred by failing to provide specific and legitimate reasons, supported by substantial evidence in the record, for according more weight to the opinions of Dr. H. Samplay, Dr. K. Rudito, Dr. Dara Goosby and Dr. S. Regan, the state agency review physicians and psychologists, than that of Dr. Karen Mu, who provided Walton with outpatient psychiatric services since June 2015, around the time of her hospitalization at San Francisco General Hospital. AR 630-31. Our circuit distinguishes among the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; and (3) nonexamining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). As a general rule, more weight is given to the opinion of a treating physician than to that of an examining physician, and in turn more weight is given to the opinion of an examining physician than to that of a nonexamining physician. *Id.* Even where, as here, a treating or examining physician's opinion is contradicted by another doctor, the Commissioner may not reject the treating or examining physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ can meet that burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted).

In this case, the ALJ did not even state what weight she was giving to Dr. Mu's medical opinion, only noting it was not entitled to "controlling weight." AR 34. Dr. Mu was Walton's treating physician and her medical opinion, as articulated in a letter co-authored with Stefanie Breedy, LCSW, was that "Walton's conditions markedly limit her ability to carry out her activities

2

of daily living" and that "Walton would unlikely be able to handle the stressors and responsibilities in a work setting." AR 630. They concluded "Walton would be unable to manage the daily routines, responsibilities, and social interactions required in a work setting for the next 12 months despite treatment and support, and she has had these limitations since before she entered into our care in June 2015." AR 631. The ALJ's rejection of Dr. Mu's opinion that Walton would be unable to manage a work environment was remarkably terse.

First, the ALJ found that Dr. Mu's "finding is not well supported" because progress notes "document medications have helped control claimant's symptoms." AR 34. But her medical opinion is certainly consistent with the last progress note which reports Walton's suicidal ideation and trouble performing daily activities. AR 628. The ALJ's analysis does not constitute the "detailed and thorough summary of the facts and conflicting clinical evidence" required to reject a treating physician's medical opinion. *Thomas*, 278 F.3d at 957. Moreover, our circuit has held that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017; *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physicians's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

Second, the ALJ found that Dr. Mu's opinion was inconsistent with Walton's "activities of daily living as she is able to care for herself, watch television, shop, handle finances, go outside, go out alone, cook and clean." AR 34. However, there is evidence in the record that Walton's depression was so severe that she sometimes was not able to leave her bed. AR 628. Additionally, our circuit has held, "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be

impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Third, the ALJ completely rejected parts of Dr. Mu and Ms. Breedy's opinion without a legitimate reason. The ALJ claimed "the determination that the claimant is disabled is an issue reserved to the Commissioner . . . and even treating such opinions [*sic*] on such issues are never entitled to controlling weight or special significant [*sic*]." AR 34. Our circuit has held that physicians "may render opinions on the ultimate issue of disability -- the claimant's ability to perform work." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison*, 759 F.3d at 1012 (citation omitted).

There are also reasons to believe that the decision below was not based on substantial evidence. For example, the ALJ appears to credit Walton's report that "she has never been psychiatrically hospitalized," AR 28, when the administrative record clearly states that she was hospitalized in September 2015 for suicidal ideation and was "released to supportive housing and increased case management," AR 588. Similarly, the ALJ noted that "the minimal treatment records reveal the claimant received routine, conservative, and non-emergency treatment since the application date," but the next paragraph of the decision notes her hospitalization at San Francisco General Hospital for psychiatric emergency services in 2015. AR 30.

These errors were not harmless. Our circuit has explained that an error is only harmless "when it was clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (internal quotation and citation omitted). On this record, where the ALJ did not even state what weight she was giving the treating physician's medical opinion, the Court cannot say the error was inconsequential. Because this alone is sufficient for remand, the Court declines to reach Walton's other arguments of error in the ALJ's decision.

Walton asks that the Court direct the granting of benefits under the credit-as-true rule. Dkt. No. 15 at 15. But because the record as a whole does not compel a finding of disability, and in fact raises "serious doubt" as to whether Walton was actually disabled within the meaning of

4

the Social Security Act throughout the entire claimed period, the appropriate remedy here is remand. *Garrison*, 759 F.3d at 1021; *see also Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1107 (9th Cir. 2014). Consequently, the Court remands the case to the SSA for further proceedings to determine Walton's eligibility for benefits in a manner consistent with this opinion.

**IT IS SO ORDERED.**

Dated: October 10, 2019

JAMES DONATO
United States District Judge